# COLORADO REPORTS.

GARDNER *v.* DUNN.

APPEAL BOND, *may be amended.* On appeal to the district court from the judgment of a justice of the peace, if the appeal bond be adjudged insufficient, the appellant may file an amended bond, and time should be allowed him for that purpose.

*Appeal from District Court, Park County.*

Mr. S. E. BROWNE, for appellant.

Mr. C. C. POST, for appellee.

BRADFORD, J.   This was an action of forcible entry and detainer, instituted before a justice of the peace of Park county on the 16th day of April, A. D. 1862.   On the 5th of May, following, trial of said cause was had before the justice, and the verdict and judgment was for the defendant. The plaintiff appealed to the district court, and on the following day, May 6th, filed his appeal bond, which bond was approved by the justice.   On the 3d of June, 1862, being one of the days of the June term of the district court of Park county, the cause came on to be heard, and the defendant moved the court to dismiss the appeal for want of a sufficient bond.   The plaintiff asked leave to file a sufficient bond, the court refused the leave and sustained defendant's motion to dismiss appeal, and rendered judgment against plaintiff for costs.   The plaintiff appealed to this court, and assigns the following errors, viz. :

1st. That the said court erred in sustaining the motion of the defendant to dismiss the said appeal.

VOL. I.— 1

2d. That the court erred in refusing to permit the plaintiff to file a good and sufficient bond.

3d. That said judgment was given for the defendant when it should have been given for the plaintiff.

It is not doubted by this court but that the appeal bond was informal and insufficient; but it is equally clear that the court erred in overruling the motion of the appellant to permit him to file a good and sufficient bond in pursuance of the forty-fifth section of the act of our legislature, entitled, "An act concerning justices of the peace and constables," approved October 31, 1861. That act, after prescribing the mode of taking appeals from judgments of justices of the peace, goes on and declares that "if upon the trial of any appeal the bond required to be given shall be adjudged informal or otherwise insufficient, the party who shall have executed such bond shall in nowise be prejudiced by reason of such informality or insufficiency; provided he will, in reasonable time, to be fixed by the court, execute a good and sufficient bond." That Gardner intended to take an appeal is manifest, and whenever a party intends appealing and makes such an attempt at the execution of a bond, that the officer authorized to approve accepts the bond, it is not the design of the statute that the appellant should be prejudiced by any informality or deficiency therein. By executing what was honestly intended to be a good bond, with such security as was approved by the justice, the appellant did all that was required of him until the bond was adjudged insufficient by the court; and even then, the law declares that such insufficiency shall not operate to his prejudice, if he will execute a good one. This the appellant offered to do, but the court refused permission and dismissed the appeal.

The evident intent of the legislature in enacting the law herein referred to was to simplify proceedings before justices of the peace, and to dispense with all technicalities consistent with a fair trial of the cause upon the merits. This just intent would be defeated by giving to the act any other construction than the one we have adopted.

The judgment of the district court is reversed and the cause remanded, with directions to that court to permit the appellant to file a good and sufficient bond, and to hear and determine the cause upon its merits.

*Reversed.*