38      259
e112a¹602
e112a¹605

## WASHINGTON WEAR

*v.*

## JOHN KILLEEN.

1. APPEAL BOND—*when insufficient, court must enter a rule for filing another.* On appeal from a justice of the peace to the Circuit Court, if the appeal bond filed in the cause be adjudged informal, or otherwise insufficient, it is the imperative duty of the court to enter a rule against the appellant that unless he file a sufficient bond, by a day to be named in the rule, the appeal will be dismissed.

2. SAME—*when adjudged insufficient such rule to be entered without motion.* A motion is not necessary for leave to file a new bond when the first is adjudged informal or otherwise insufficient, but it is the duty of the court to enter the rule indicated, against the appellant.

3. SAME—*notice—the entry of the rule for a new bond sufficient notice to appellant.* A rule upon the appellant to file a sufficient bond by a given day, is a sufficient notice to him to comply therewith, and if he disobey, then is the time for the court to act summarily by dismissing the appeal.

APPEAL from the Circuit Court of the County of Peoria; the Hon. MARION WILLIAMSON, Judge, presiding.

This suit was originally commenced by the appellee, John Killeen, against the appellant, Washington Wear, before J. Blanchard, a Police Magistrate for Peoria County, and judgment rendered against the latter, September 22, 1864, for $82 25. Wear took an appeal to the Circuit Court, and at a special term of said court, held in December, 1864, to-wit, on the 19th day of December, of that year, Killeen, the appellee, entered a motion to dismiss the appeal for reasons on file, and on the 20th of December, 1864, no resistance being then made, said motion was heard, and an order entered sustaining the same, and directing that a *procedendo* issue to the Magistrate before whom the cause was appealed, directing him to proceed as though an appeal had never been taken and judgment for costs entered against Wear. On the 22d of December, 1864, Wear, by his attorneys, entered a motion to set aside the order of court dismissing the appeal, and a cross-motion for leave to file a better appeal bond, and to reinstate the cause on the docket, and on the 23d of December, of the same year, said motion and cross-motion were overruled, to which decision the appellant excepted and prayed an appeal to this court.

Messrs. Cooper and Moss, attorneys for appellant.

Cited statute in relation to Justices of the Peace and Constables. Sec. 15, Chap. 59, Purp. Stat. 1, 672, which provides that a party appealing shall not be prejudiced by reason of the insufficiency of the appeal bond, if he will in a reasonable time, to be fixed by the court, execute and file a sufficient bond.

Messrs. O'Brien and Cratty, attorneys for appellee.

The appeal was dismissed by the Circuit Court for the reason that there were no seals to the appeal bond. The dismissal was proper.

1. Because neither was there resistance made to the motion at the time it was called up and disposed of, nor any motion then made for leave to file a new and sufficient bond. *Fuller* v. *Hudson*, 26 Ill. 443.

2. Because such a motion is addressed to the discretion of the court and not subject to review on appeal. *Bolton* v. *McKinney*, 22 Ill. 294; *Rich* v. *Hathaway*, 18 Ill. 549; *Greenleaf* v. *Roe*, 17 Ill. 474; *City of Chicago* v. *Adams*, 24 Ill. 493.

Mr. Justice Breese delivered the opinion of the Court:

The question presented by this record is one of practice in cases brought to the Circuit Court by appeal from a Justice of the Peace.

Section 65 of Ch. 59 Title, "Justices and Constables," provides, if upon the trial of any appeal, the bond required to be given shall be adjudged informal or otherwise insufficient, the party who shall have executed such bond, shall in nowise be prejudiced by reason of such informality or insufficiency, *provided*, he will, in a reasonable time, to be fixed by the court, execute and file a good and sufficient bond. (Scates' Comp. 709.) The whole spirit of this act is of the most liberal character, evincing the great desire on the part of the Legislature, to sustain these domestic tribunals and their proceedings, to which such constant resort is had by our citizens, without regard to those technicalities which not unfrequently obstruct the course of justice. It is very manifest, from the phraseology of this section, that it was the design of the Legislature a party should not be injured or deprived of his status in the Circuit Court, when he brings his case there by appeal, by reason of any omission, ignorance or carelessness of the Magistrate or attorney who might prepare the required bond. The statute is emphatic and imperative, if the bond shall be adjudged informal or otherwise insufficient, the party shall in nowise be prejudiced thereby, provided he will, in a reasonable time,

to be fixed by the court, execute and file a good and sufficient bond. It is evident more than one step has to be taken by the court before the delinquent party can lose his position. First, the court is to adjudge the bond to be informal or insufficient; next, after such adjudication, the court is to fix a time within which a sufficient bond shall be executed and filed. It might be the day of the adjudication, or ten or more days thereafter, at any rate, a day is to be fixed by the court, when, if the appellant is delinquent, the Court would be authorized to dismiss the appeal. To dismiss an appeal in the first instance on motion for an alleged defect in the appeal bond, is consonant neither with the letter nor spirit of the statute.

But this order does not go to the extent of adjudging the bond insufficient. The motion was to dismiss the appeal for want of a sufficient bond, and on this motion the Court dismissed the appeal, thus only inferentially deciding the bond defective.

The proper practice in all such cases is, after the bond is adjudged informal or otherwise insufficient, to enter a rule against the appellant, that unless he executes and files a sufficient bond by a day to be named in the rule, the appeal will be dismissed. This would comply with the spirit and object of the statute. It is imperative in the Court, without any motion by appellant, whenever an appeal bond is adjudged informal or insufficient, to enter the rule we have indicated against the appellant, of which he is bound to take notice. This being done, and the rule disobeyed, then is the time for the Court to act summarily, by dismissing the appeal.

The Court having erred in dismissing the appeal, without entering such rule, or giving the appellant a day on which to file a sufficient bond, the judgment dismissing the appeal must be reversed, and the cause remanded with instructions to reinstate the appeal on the docket, and fix a reasonable time within which the appellant shall execute and file a sufficient bond.

*Judgment reversed.*