## McKee et al. v. Bassick Mining Company.

1. It is bad practice for a trial court to admit incompetent evidence before a jury, relying upon its right to strike out the same.
2. The competency of such evidence should, if practicable, be determined prior to its admission, even though the trial be thereby prolonged. It will be presumed that trial courts are cautious in exercising this authority, and, unless there be apparent misconduct, this court ought not to interfere.
3. Where an appellant in good faith attempts to comply with an order to file an amended appeal bond, the court in its discretion may enter another order allowing a second amended bond.
4. Under sections 14 and 21 of the statute of frauds, where a sale of chattels is completed as between the parties thereto, but the possession temporarily remains with the vendor, a subsequent purchaser who has knowledge of the prior transaction takes subject to the rights of the prior vendee.
5. It is not error to refuse an instruction stating a correct legal principle where the same matter is embraced in an instruction given.

*Appeal from District Court of Custer County.*

THE facts are stated in the opinion.

Messrs. Blackburn and Dale, for appellants.

Mr. A. J. Rising, for appellee.

Helm, J.   This was an action of replevin brought by appellants against appellee for certain personal property claimed by both parties to have been purchased from one Baldwin.   Appellee's attempted purchase antedates that of appellants.   But appellants' contention is that appellee failed to take such possession of the property as entitles it thereto in this action.   The case was first tried by a justice of the peace; it was then appealed to the county court, and the venue afterwards changed therefrom to the district court by consent of parties.

The evidence is quite voluminous, and there is no assignment of error questioning its sufficiency to support the verdict.   Numerous exceptions, however, were taken to the rulings of the court in admitting and rejecting testimony.   But after a careful consideration of the questions thus raised, we are unable to conclude that any error was committed in this respect sufficient to justify a reversal.   The number of contractors from whom appellee purchased the property in controversy, and the consequent complicated relations of the different parties thereto, rendered admissible, evidence which would under other circumstances have been improper.   The mistake, if any, made in admitting the declarations of Sayer on the question of his partnership with Baldwin was corrected by the ultimate action of the court in striking this evidence out.   It is undoubtedly bad practice for a trial court to admit incompetent evidence before a jury, relying upon its right to afterwards strike out the same.   It is true, as claimed by counsel, that such evidence is likely to have its weight with the jury, notwithstanding the subsequent rejection thereof, and instructions from the court to disregard it.   Courts should, therefore, when practicable, settle this question of competency prior to the

admission of evidence, even though the trial be thereby somewhat prolonged. But it is often impossible to pass intelligently upon the competency of testimony offered, until further proofs are in evidence.

In view of this fact, no iron-clad rule upon the subject has been or can be adopted. We presume that courts will be cautious in exercising the privilege of admitting, and then striking out evidence; and we believe that unless there be apparent misconduct in this regard, we ought not to interfere.

It is contended by counsel for appellants that the court erred in making an order for filing a second new appeal bond, and in extending the time allowed by such order. They assert that it was the duty of the court, at the expiration of the first order for filing a new bond, to have dismissed the appeal from the judgment of the justice of the peace, and that the court's action in not doing so, was, to say the least, an abuse of discretion, for which the judgment afterwards rendered should be here reversed.

We cannot agree with counsel. Section 1986 of the General Statutes makes it the duty of the court, upon appeal from justices of the peace, when the appeal bond is found insufficient or informal, to fix a reasonable time within which the party appealing may execute a good and sufficient bond. There is nothing in this statute which prevents the court, for good cause shown, from extending the time that may have been thus fixed; or, if the appellant has attempted in good faith to comply with the order of the court by filing within the time limited a new bond, yet should such new bond be adjudged insufficient, we discover nothing in the statute which prevents the court, in the reasonable exercise of its discretion, from entering another order for the filing of a second new bond to cure the defects.

In charging the jury upon request of appellee, the court gave the following instruction:

"To constitute a subsequent purchaser in good faith, under the statute of frauds and perjuries, such person must have made the purchase without notice of any claims of prior purchasers; and if the jury believe, from the evidence, that the plaintiffs had notice of the claims of the defendant to said logs as prior purchaser, then plaintiffs are not purchasers in good faith as against defendant."

Appellants challenge the correctness of this instruction on the ground that it is in conflict with section 1523 of the General Statutes, being section 14 of the chapter on Frauds and Perjuries, which reads as follows:

"Every sale made by a vendor of goods and chattels in his possession or under his control, and every assignment of goods and chattels, unless the same be accompanied by an immediate delivery, and be followed by an actual and continued change of possession of the things sold or assigned, shall be presumed to be fraudulent and void as against the creditors of the vendor, or the creditors of the person making such assignment, or subsequent purchasers in good faith; and this presumption shall be conclusive."

Counsel say that under this statute the question of notice of the prior sale by the subsequent purchaser is of no importance; that where the prior purchaser has failed to take and retain possession of the property, the subsequent purchaser may be a purchaser in *good faith*, although he has knowledge of such prior purchase.

Considering this section by itself, there is some plausibility in counsel's view; there would at least exist a doubt as to whether or not the expression *in good faith*, applied thereby to subsequent purchasers, includes the idea of notice. It might, perhaps, be claimed that this phrase referred simply to cases where a subsequent purchase rests upon a valuable consideration and is a *bona fide* transaction as between the vendor and vendee. But doubts upon this subject are, in our judgment, set at

rest by a subsequent provision in our statute of frauds. Section 1530 of the General Statutes (being section 21 of said act) reads as follows:

"The provisions of this chapter shall not be construed to affect or impair the title of a purchaser for a valuable consideration, unless it shall appear that such purchaser had previous notice of the fraudulent intent of his immediate grantor, or of the fraud rendering void the title of such grantor."

While this section may more particularly refer to sections 1 and 17 of the act, yet it appears to us that it ought to be construed with section 14, in so far as the immediate question under consideration is concerned. Where there has been a prior *bona fide* sale of personal property, but possession has been allowed to remain temporarily with the vendor, there can be no doubt as to the bad faith of such vendor in making a subsequent sale thereof to another· party; and if that other party have knowledge of the prior transaction, he must be aware of the fraudulent intent of the grantor. In our judgment, where the prior sale is completed as between the parties thereto, and the subsequent purchaser has knowledge of the fact, his case is covered by section 1530 aforesaid.

The fourth instruction asked by appellants, but refused by the court, states a correct abstract legal principle; yet, if given, it might, under the circumstances of this case, have misled the jury. It is sufficient upon this point to say that, in so far as the particular matter intended to be reached by that instruction is concerned, it is embraced by the seventh instruction asked and given by the court. The other instruction asked and refused was defective in that it omitted entirely the element of good faith on the part of the subsequent purchaser.

The charge, as a whole, states the law fully and fairly in favor of appellants. We discover no material error therein. The judgment will be affirmed.

*Affirmed.*