## WHEELER v. KUHNS.

In cases of appeal from the county to the district court, under section 500 of the General Statutes, it is the duty of the district court, when properly requested, to permit defective appeal bonds, which have been approved by the county judge, to be amended, or to permit the filing of new bonds, and a refusal so to do is error subject to review by this court.

*Appeal from District Court of Pitkin County.*

THIS cause was originally brought in the county court. Judgment being there rendered in favor of the plaintiff, defendant prayed an appeal to the district court. The appeal was allowed under section 499 of the General Statutes. This section reads, *inter alia*, as follows: "Provided, * * * the party desiring such appeal shall * * * give good and sufficient bond, with one or more sureties to be approved," etc. The principal, Wheeler, did not execute the bond, nor did any one sign her name thereto as agent or attorney in fact; otherwise the bond filled all statutory requirements. It was accepted and approved by the county judge. Before the case was called for trial in the district court, appellee presented his motion to dismiss, on the ground that neither the statute, nor the order of court providing for an appeal bond, had been complied with. Appellant asked leave to file a new and sufficient bond, but her request was denied, and the motion to dismiss was sustained. From such judgment of dismissal the present appeal was taken.

Mr. H. D. WAITE, for appellant.

Messrs. J. M. DOWNING and D. J. HAYNES, for appellee.

HELM, J. The judgment of the court below must be reversed. The statute regulating appeals from the county to the district court undoubtedly requires that appellant

shall be a party to the appeal bond, and execute the same as principal. The bond challenged in this case was therefore wholly insufficient. But it appears that appellant attempted, in good faith, to give a sufficient bond, and thus to perfect her appeal. The instrument was approved and filed by the proper officer without objection, and within the time fixed by law. It was afterwards transmitted, with the other files in the case, to the district court. The conduct of the county judge in the premises accorded with appellant's belief that she had complied with the statute, and order of court thereunder, in this regard. That court had complete jurisdiction of the subject-matter in controversy, and of the parties to the action. The district court also was clothed with full jurisdiction over the subject-matter. The proceedings and trial in the latter court on the appeal would have been wholly *de novo*. In view of these circumstances it was clearly the duty of the district court, under the following legislative provision, to have permitted the filing of the new and sufficient bond tendered by appellant, and to have retained and tried the cause.

Section 500 of the General Statutes, treating of appeals from the county to the district court, closes with the following: "And provided further, that no appeal shall be dismissed on account of a defect or informality in the appeal bond, or the insufficiency thereof, if the appellant or appellants shall within a reasonable time, to be fixed by the court, file a good and sufficient bond." This provision is imperative. In effect, it commands the district court, when properly requested, to fix a time for filing an amended bond; also to approve the same, if sufficient and if tendered within the period named. The court has no discretion thereunder, save as to the length of time it may allow for curing the insufficiency or defect, and even then such time must in all cases be reasonable. A refusal to make such order is error which may be reviewed by this court.

These deductions are, we think, fairly drawn from
the legislative language considered.    They are certainly
equitable.    The object in requiring an appeal bond, when
the appeal operates as a *supersedeas*, is to provide secu-
rity for the payment of the judgment and costs, in case a
retrial or review before the appellate court shall result in
a similar verdict, or in affirmance, as the case may be.
The district court, in cases like the one at bar, as we have
seen, is empowered when such bond is defective, if asked.
in apt time, to grant appellant's motion for leave to file a
new and sufficient one.    Under this authority, the pur-
pose of the law is accomplished when a good and suffi-
cient bond is approved and filed; nor is it important
whether the insufficiency of the original instrument con-
sists in some merely formal omission, or whether the de-
fect complained of be a failure to comply with the most
material requirement of the statute.    The approval by
the court which tried the cause of the imperfect obliga-
tion, given in good faith, and the transmission thereof to
the appellate tribunal, entitles appellant to the benefit of
the corrective statute.    Appellee has the undoubted right
to demand a bond which is satisfactory in all respects,
and if, after such demand is made, the order of court in
pursuance thereof be not complied with, he is entitled to
have the appeal dismissed; but if appellant files, within
the reasonable time fixed by the court, a sufficient bond,
appellee no longer has just cause of complaint.

In the absence of judicial authority on this question,
we would feel impelled to adopt the foregoing conclu-
sions.    But we are amply sustained.    In Illinois, under a
statute providing for the amendment of appeal bonds in
cases taken by appeal from justices of the peace to the
probate court, which is almost exactly similar to the
statutory extract above given, it was held that, no mat-
ter how defective the instrument purporting to be a bond
might be, it was amendable; also that the allowance of
the amendment by the probate court was an imperative

duty; and that the denial of appellant's motion for leave to amend was error, requiring a reversal of the judgment dismissing the appeal. *Dedman v. Barber,* 1 Scam. 254; *Waldo v. Averett,* id. 487; *Hubbard v. Freer,* id. 467; *Trustees v. Starbird,* 13 Ill. 49; *Bragg v. Fessenden,* 11 Ill. 544.

In 1853 the Illinois provision aforesaid was slightly altered. After such alteration it read as follows: "No appeal from a justice of the peace shall be dismissed for any informality in the appeal bond; but it shall be the duty of the court before whom the appeal may be pending to allow the party to amend the same within a reasonable time, so that a trial may be had upon the merits of the case." It will be observed that the language of this statute is hardly as strong as that in the Colorado provision under consideration. There the appeal is not to be dismissed for any *informality* in the bond, while with us it is not to be dismissed on account of any *defect, informality,* or *insufficiency* therein; yet the Illinois decisions under their amended statute are precisely the same as before. *Wood v. Tucker,* 66 Ill. 276; *Patty v. Winchester,* 20 Ill. 261; *Weist v. People,* 39 Ill. 509; *Hinman v. Kitterman,* 40 Ill. 253; *Town of Partridge v. Snyder,* 78 Ill. 519.

In the case of *Crain v. Bailey,* 1 Scam. 321, the judgment dismissing an appeal from the probate to the circuit court, on account of defects in the bond, was sustained, but the decision is expressly put on the ground that the statute in that state regulating *such* appeals "makes no provision to amend the bond, or file a new bond, in case an insufficient one is filed."

The judgment is reversed.

*Reversed.*