## Board of County Com'rs of Boulder Co. v. King.

1. Where an appeal is taken by the board of county commissioners in an action against them, the appeal bond must be executed in the name of the board, and not by the members individually.

2. On appeal from a county court to a district court where the bond is insufficient, and the courts grant time to file an additional bond, if the new bond is adjudged insufficient, whether the appellant shall have further time to file a third bond rests in the sound discretion of the court, and on appeal such discretion will not be interfered with, except upon substantial and apparent grounds of abuse.

### Error to District Court of Lake County.

THIS action was brought by King against the "board of county commissioners of the county of Boulder," in the county court of Lake county, where he obtained judgment. From this judgment the defendant, the plaintiff in error, appealed to the district court. This appeal was dismissed for reason of the failure of the plaintiff in error to file a sufficient appeal bond, in compliance with the order of the court. The further facts in the case sufficiently appear in the opinion of the court.

Messrs. J. M. MAXWELL and R. H. WHITELEY, for plaintiff in error.

Messrs. D. E. PARKS and COE and SALES, for defendant in error.

ELBERT, J. Upon the motion of appellee in the district court to dismiss the appeal from the county court for the want of a sufficient appeal bond, the court ordered " that said motion be sustained unless said defendant files herein an additional appeal bond in the sum of $1,200, with sureties, to be approved by the clerk of this court, within thirty days from date." The bond filed by the appellant in pursuance of this order was objectionable in several particulars.

" The board of county commissioners of Boulder

county" was the defendant in the county court, and was the appellant in the district court. The amended appeal bond required should have been executed in the name of "the board of county commissioners of Boulder county." The filing of a bond executed by individual members of the board, designating themselves as commissioners, was not a compliance with the order of the court. Section 523, Gen. St., provides that the powers of the county as a body politic and corporate shall be exercised by a board of county commissioners therefor, and section 525 provides that, in all suits or proceedings by or against a county, the name in which the county shall sue or be sued shall be "the board of county commissioners of the county of ——."

It is insisted, however, that where the purpose to act for the corporation is manifest from the whole paper, and where there are no words evincing an intention to assume a personal liability, the corporation will be liable. While this may be true (1 Dill. Mun. Corp. § 452, and cases cited), it does not meet the objection to the bond. "Whether the purpose to act for the corporation is manifest from the whole paper" is frequently a question of difficulty. The court which is to approve the bond may well object to considering and determining the questions such a bond presents. The appellee, for whose security the bond is given, may well object to the unnecessary presence in the bond of a question which clouds his security, and casts on him the burden of maintaining that which should be beyond question. He had a right to insist, under the statute and under the order of the court, that the bond be executed in the name of the party to the suit,— the party taking the appeal. We think there was no error in the refusal of the court to treat the amended appeal bond in this case as sufficient.

On appeal from the county courts to district courts, where the appeal bond is defective or informal, it becomes the *duty* of the court to fix a reasonable time

within which the party appealing shall file a good and sufficient bond. Sec. 500, Gen. St. 246; *Wheeler v. Kuhns, ante,* p. 196. If the new bond shall be in turn adjudged insufficient, whether the appellant shall have further time within which to file still another bond rests in the sound discretion of the court. This is the view taken of a substantially similar provision respecting defective or informal appeal bonds on appeals from justices of the peace under section 1986 of the General Statutes. *McKee v. Bassick Min. Co.* 8 Colo. 394. With the discretion of the *nisi prius* court, exercised in such a case, we do not feel at liberty to interfere, except upon substantial and apparent grounds of abuse, which do not appear in the record in this case.

It is unnecessary to consider the other objections urged to the appeal bond in this case. The judgment of the court below is affirmed.

*Affirmed.*