## SCHOFIELD v. FELT.

1. To warrant the execution of an appeal bond by an attorney in fact, authority therefor, of equal extent with the bond, is necessary, and should accompany the bond; and, when the authority of the agent is challenged by motion to dismiss the appeal, it should be produced; but, under General Statutes, section 1986, the appeal should not be dismissed because the appellant does not, upon the bond being declared insufficient, ask leave to file one that is sufficient. Under such circumstances, the court should enter a rule, to be made absolute on the appellant's failing to file such bond within a reasonable time.

2. Where the appeal bond has been filed and approved, and an appeal accordingly prayed, within the ten days fixed by General Statutes, section 1979, the failure to pay to the justice the costs of the appeal within that time is no ground for dismissing the appeal.

*Error to County Court, Arapahoe County.*

ON motion to dismiss an appeal from justice's court.

On the 15th of November, 1883, judgment for $80 was rendered in a case pending before George L. Sopris, justice of the peace in Arapahoe county, against said Schofield, the defendant therein, and in favor of said Felt, the plaintiff therein. On the 23d day of November, 1883, the said Schofield filed with said justice his bond for appeal of said case to the county court, and accordingly prayed appeal thereon. The said bond was then duly approved by the justice. On the 3d day of December, 1883, the said Schofield paid the said justice $2, the cost of granting the appeal, and the said justice then certified the case to the county court, and a transcript of the justice's record was thereafter filed in the county court. On the 22d day of December, 1883, the said Felt filed in the

county court his motion to dismiss the appeal, for the following reasons: "(1) Because said Schofield did not pay, or cause to be paid, the cost of granting the said appeal from the said justice within ten days from the rendering of the judgment; (2) because said Schofield has not filed any appeal bond at all in said case in the county court; (3) because said Schofield did not perfect his appeal in said case within ten days from the rendering of judgment; (4) because said Schofield did not procure, or cause to be procured, the granting of said appeal within ten days from the rendering of the judgment. On the 24th day of January, 1884, the said motion was submitted upon the record in the case, and was sustained by the court, and the appeal thereupon dismissed. Exceptions were duly reserved, and the case comes here on error, and the one error assigned is that the court erred in sustaining said motion and dismissing said appeal.

Mr. P. L. Hubbard, for plaintiff in error.

Mr. C. H. Burton, for defendant in error.

Stallcup, C. Two questions are presented for consideration. The first is as to the sufficiency of the bond for appeal to the county court. The record shows that the appeal bond was executed as follows: "Lott Schofield, by P. L. Hubbard, his duly-appointed Agent for the Purpose of executing this Bond. A. L. Schofield, Surety." It is urged by counsel for defendant in error that the bond was insufficient, in that it was not executed by the principal in person. To warrant such execution of the bond, authority therefor of equal rank with the bond was necessary, and should have accompanied the bond; and when the authority of the agent to execute the bond was challenged, as it was by the motion to dismiss the appeal, the authority for so executing the bond should then have been produced if any such authority existed. On the failure to make such showing, the court was warranted in adjudging the appeal bond insufficient; but the court was not warranted in the dismissal

of the appeal therefor, notwithstanding the appellant failed to ask leave to file a sufficient bond, as by such absolute dismissal the appellant was denied the right provided for such cases by section 1986 of our General Statutes, which is as follows: "If, upon the trial of any appeal, the bond required to be given shall be adjudged informal or otherwise insufficient, the party who shall have executed such bond shall in nowise be prejudiced by reason of such informality or insufficiency: provided, he will within reasonable time, to be fixed by the court, execute a good and sufficient bond." This is a copy of the statute of Illinois upon the same subject. The appellant was entitled to reasonable time in which to file a sufficient bond, and it was the imperative duty of the court to enter a rule that, unless the appellant filed a sufficient bond by the day named in the rule, the appeal would be dismissed. *Wear v. Killeen*, 38 Ill. 259.

The second question presented is as to the cost of the appeal. Must a payment thereof be made to the justice within ten days after rendering the judgment to warrant the appeal, notwithstanding the appeal bond had been filed and approved, and an appeal accordingly prayed, within the ten days? Sections 1979, 1980 and 1981 of our General Statutes provide for such appeals. The payment of the costs of the appeal to the justice, thereby required, is not a jurisdictional provision. The justice may refuse to act until such costs are paid. It is merely a provision in his behalf to enable him to require the payment of such costs. *Carbonate Town Co. v. Ives*, *ante*, p. 81.

The judgment should be reversed and the case remanded, with directions to the county court to proceed in accordance with this opinion.

MACON and RISING, CC., concur.

PER CURIAM. For the reasons given in the foregoing opinion the judgment is reversed, and the cause remanded.

*Reversed.*