[No. 4053.]
MᶜNEVINS v. MᶜNEVINS.

PRACTICE—AUTHORITY OF COUNTY JUDGE TO ACT AS CLERK—SUMMONS.

A county-judge may elect to perform the duties of clerk of his court and when he does so elect is authorized to issue and sign all processes from his court. But when a clerk has been appointed by a county judge, so long as the appointment is not revoked, the clerk or his deputy alone has power to discharge the clerical duties of the office, and a summons issued and signed by the judge is void notwithstanding the disqualification of the clerk to act on account of absence or sickness.

*Error to the County Court of Gilpin County.*

Mr. W. C. FULLERTON for plaintiff in error.

No appearance for defendant in error.

Chief Justice Campbell delivered the opinion of the court.

This is an action for divorce in which there was a decree for the plantiff. The defendant appeared specially by her attorney, and moved the court to quash the summons upon the ground that the writ served upon her was issud by the judge of the court under his hand and seal, at a time when there was a duly appointed, qualified, and acting clerk of the court. The motion was overruled, whereupon the defendant, by her counsel, elected to stand by her motion, and withdrew from further participation in the case. The action then proceeded to a trial before the court and jury, and a verdict in favor of the plantiff was returned upon which the decree of divorce was based.

The only assignment of error is that the court erred in refusing to quash the summons. In *Denver, So. Park & Pacific Ry. Co. v. Woodward,* 4 Colo. 1, in considering certain statutes substantially like the one here involved, it was held that it was the intention of the law then in force that "the probate judge should teste and sign process only when he elects to perform the duties which would otherwise devolve upon the clerk, and that in all other cases process shall be tested and be signed by and in the name of the clerk". The statute governing the question in this case is section 1081 Mills Ann. Stats, (Gen. Stats. 1883, sec. 495 and reads as follows:

"The judges of the said county courts may each appoint a clerk, whose powers and duties shall be similar to the powers and duties of the clerks of the district courts, and he shall receive such fees and compensation as now or hereafter may be provided by law. Or if any of the said judges prefer so to do they may elect to perform the duties of clerk, and receive the compensation and fees therefor, and in such cases all

processes issued from said court shall be issued by and in the name of the judge thereof, and under the seal of said court."

In this case it clearly appears that the county court had previously appointed a clerk who, at the time, was qualified to issue all process. As there is no appearance for defendant in error, we are not advised concerning the reason the court gave for its ruling. From a recital found in the record it would appear that the ground was that the clerk was disqualified to act on account of absence and sickness. Obviously, it was supposed that the court, after the appointment and qualification of a clerk, might ignore the clerk and perform the duties which devolve upon that official.

The meaning of the statute, however, is that whenever a clerk is appointed, so long as his appointment is not vacated, he, and he alone, or he, by his deputy, should issue and sign process. The election referred to in the statute means an election upon the part of the judge to do without the service of the clerk altogether and perform such duties himself. But when the judge once appoints a clerk, this is an election by him not to perform clerical duties. And while the court may dispense with the services of the clerk and revoke the appointment, and then resume the power to perform clerical duties, yet so long as the appointment of the clerk, once made, is not revoked, the latter offical alone, or by his deputy, has power to discharge the clerical duties of the office.

The summons in this case, having been signed and attested by an unauthorized person, is not a legal writ. It is void and the service of the same upon the defendant gave the court no jurisdiction over her person. The judgment is reversed and the cause remanded with directions to the county court to vacate its decree and enter an order quashing the summons.

*Reversed.*