[No. 5236.]
[No. 2858 C. A.]

HORN v. MARTIN.

**Justices of the Peace—Statutory Construction—Time Within Which to Appeal—County Courts—Jurisdiction.**

Mills' Ann. Stats., § 2679, providing that, in cases of appeal from justices of the peace to county courts, the party praying an appeal shall, within ten days from the rendition of judgment, enter into a bond with approved security, is mandatory and jurisdictional, and, unless the appeal be taken within such statutory period, the county court has no jurisdiction and should dismiss the appeal either on its own or appellee's motion.—P. 365.

*Appeal from the County Court of Prowers County.*
*Hon. L. F. Blodgett, Judge.*

Action by W. E. Martin against J. C. Horn. From a judgment against defendant for costs in the justice's court, plaintiff appealed; and from an order in the county court refusing to dismiss such appeal, defendant appeals.                    *Reversed.*

Mr. J. C. HORN, *pro se.*

No appearance for appellee.

Mr. JUSTICE GODDARD delivered the opinion of the court:

This action was originally brought before a justice of the peace. On May 23, A. D. 1902, the cause was tried and judgment rendered against defendant for costs. An appeal bond, in many respects defective, was approved by the justice of the peace the 3d day of June, 1902. In the county court, the appellee, defendant below, appearing for that purpose only, moved the court to dismiss the appeal on the ground that the appeal bond was not filed and approved in conformity with the requirements of section 2679, Mills' Ann. Stats., which, *inter alia,* provides: "The party praying the appeal shall, within ten days from the rendition of the judgment from which he desires to take an appeal, enter into bond, with security to be approved and conditioned as hereinafter provided. * * * "

The court denied this motion. The statute above referred to is mandatory and jurisdictional, and must be strictly complied with, and, unless an appeal is taken within the statutory period, as therein provided, the court has no jurisdiction, and the appeal is void for all purposes, and will be dismissed either on motion of appellee or on the court's own motion. In such case, the court has no power to make any other order than that of dismissal.—2 Enc. Pl. & Pr. 239, and cases cited.

The court erred in denying the motion. The judgment is reversed, and the cause remanded, with directions to dismiss the appeal.        *Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE BAILEY concur.