ADAMS v. DECKER.

1. **Justices and Constables—Appeals—Bond**—The statutory provisions as to the time within which an appeal may be taken from the judgment of a justice of the peace (Mills' Stats., secs. 2679, 2681, 2682; Rev. Stats., secs. 3846, 3848, 3849) are mandatory. If the appellant fails to give the bond required within ten days from the rendition of the judgment of the justice, the county court has no jurisdiction, and should dismiss the appeal.—(239)

2. **——Bonds—Approval**—And the bond must be actually approved by the proper official. Merely filing it will not suffice; though, if in fact approved, the failure to endorse such approval will not be fatal.—(239)

Where the bond is given in the county court, it must be filed with and approved by the clerk of that court, if there is a clerk. —(240.)

3. **County Judge—When May Act as Clerk**—When the county judge has appointed a clerk, such clerk alone, or his deputy, so long as the appointment is unrevoked, has power to perform the duties which the law imposes upon him (Mills' Stats., sec. 1081; Rev. Stats., sec. 1561).—(240)

4. **Appeals—Nature of the Right**—An appeal is given by statute, and whoever would avail himself of the statute, must comply with its requirements.—(240)

5. **Writ of Error—Judgment**—Where the county court entertains an appeal, which is not perfected within the statutory limitation, and gives judgment therein, such judgment will be reversed and the cause remanded with directions to dismiss the appeal.—(240)

*Error to San Miguel County Court—Hon. M. L. Brown, Judge.*

Mr. L. C. KINIKIN for plaintiff in error.

Mr. L. W. ALLEN for defendant in error.

Plaintiff in error brought suit against defendant in error before a justice of the peace, and obtained a judgment. Four days later, the defendant filed an appeal bond in the county court. On filing the bond, the judge of the county court issued a supersedeas, which recited that the plaintiff had ob-

tained a judgment against the defendant before the justice named, from which the defendant had taken an appeal, and that he had filed a bond in the office of the clerk of the county court, which had been duly approved. Eleven days after this bond was filed, the plaintiff filed a motion to dismiss the appeal, based upon the grounds that the defendant had not, within ten days from the rendition of the judgment in the justice court, paid the justice the costs of granting the appeal; and because no summons had been issued or served, or returned, as required by the statute. This motion was supported by affidavit of the justice before whom the cause was originally tried, which stated, in effect, that the defendant had not, within ten days from the rendition of the judgment against him, or at any time, paid the costs of granting the appeal.

The next day a further motion was filed to dismiss the appeal, based upon the following grounds: Because the appeal bond filed by the defendant was not filed with, nor approved by, the clerk of the county court, within ten days next after the rendition of the judgment appealed from; because no jurisdiction of the parties nor of the subject-matter had been acquired by the county court under the appeal; because supersedeas was issued by the judge of the court, and that Maibelle Brown, on the date of issuing the supersedeas and for ten days prior thereto was, and now is, the duly appointed, qualified and acting clerk of the county court; and because no appeal bond was approved within ten days after the rendition of the judgment sought to be appealed from. This motion was supported by an affidavit, from which it appears that, on the date the appeal bond was filed in the county court, Maibelle Brown was, and ever since has been, the clerk of that tribunal. After the filing of this motion, a summons was issued by the clerk. Both these motions were

overruled, and an order entered that the appeal bond having been approved by the judge of the court, at the time of filing it, be endorsed approved as of that date.

A few days later, the plaintiff filed a third motion, to quash the summons and dismiss the appeal, because the court had no jurisdiction of the subject-matter nor of the parties at the time the summons was issued, and the clerk had no right to issue such summons, in that no appeal had been perfected by the defendant within ten days of the rendition of the judgment in the justice court, and appellant had not paid the costs of the justice for granting the appeal; had not, within ten days from the rendition of the judgment, filed any sufficient, or any, appeal bond; and, finally, because the summons was not issued within ten days from the rendition of the judgment in the justice court. This motion was also overruled.

Counsel for plaintiff then announced in open court that he would stand upon his motion, and thereupon withdrew further appearance in the cause. It should be noted that all appearances by the several motions referred to were special, and for the purposes of the motions only.

Afterwards, the court heard the evidence on the part of the defendant, and rendered judgment that plaintiff take nothing by his action, and that defendant recover his costs. Plaintiff has brought the case here for review on error.

Mr. Justice Gabbert delivered the opinion of the court:

The statutes of the state relating to appeals from the judgment of a justice of the peace to the county court, provide that the party praying the appeal shall, within ten days from the rendition of the judgment from which he desires to appeal, enter

into a bond to be approved as the statute directs. This bond may be filed with the justice who rendered the judgment, and be approved by him, or it may be filed in the office of the clerk of the county court of the proper county within the time provided for taking an appeal. If the latter method is adopted, which was the one in the case at bar, such bond shall be approved by the clerk of the county court.—Sections 2679, 2681 and 2682, 2 Mills' Stats.

The provision relating to the time within which an appeal from a judgment rendered by a justice of the peace to the county court may be taken, is mandatory, and jurisdictional, and unless the party praying the appeal shall, within ten days from the rendition of the judgment by the justice of the peace, enter into a bond with approved securities, and, if the appeal is not thus taken within this statutory period, the county court has no jurisdiction, and should dismiss the appeal, either on its own or appellee's motion.—*Horn v. Martin*, 38 Colo. 364. It stands undisputed from the record, that, at the time the appeal bond was filed in the county court, there was a regularly appointed, duly qualified, and acting clerk of that tribunal; that the bond was never approved by that official, notwithstanding the recital in the supersedeas, but was approved by the judge. Until the bond was approved by the proper official, it was of no force or effect. Merely filing it was not sufficient. The *nunc pro tunc* order did not purport to cure an omission of the clerk to indorse an approval of the bond, but was to the effect that, on the date it was filed, it had been approved by the judge of the court and an order was directed that the same be endorsed as approved by the judge as of that date. A failure to indorse its approval—if, in fact, it had been approved—would not, of course, prejudice the rights of the party filing the bond; but the question here presented is, whether the bond was ever ap-

proved by the proper official. If it was not, then an appeal was not taken within the statutory period, and the motion to dismiss the appeal upon this ground, should have been sustained.

On the authority of *McNevin v. McNevin*, 28 Colo. 245, we think the question must be answered in the negative. In that case it was held that a county judge may elect to perform the duties of clerk of his court, but when he has appointed a clerk, then, so long as the appointment is not revoked, the clerk or his deputy alone has power to discharge the official duties which the law directs shall be performed by him.

The defendant may have had a good defense to the action which he sought to have tried on appeal to the county court, but appeals are creatures of the statute, and a party desiring to avail himself of the right to a trial *de novo* by taking an appeal, must comply with the provisions of the statutes on the subject.

The judgment of the county court is reversed, and the cause remanded with directions to dismiss the appeal.          *Reversed and remanded,*
*with directions.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE HILL concur.