## No. 9672.

### WILLIAMS *v.* ESCHEMAN.

JUSTICE OF THE PEACE—*Appeals*—*Bond.* An appeal bond although approved was neither filed by nor left with the justice, but carried from him to the clerk of the county court, who failed to approve it. The appeal was dismissed.

*Error to Costilla County Court, Hon. J. E. Sanchez, Judge.*

Mr. J. D. PILCHER and Mr. CHARLES H. WOODARD, for plaintiff in error.

Mr. ELIAS H. ELLITHORP, for defendant in error.

Mr. Justice Bailey delivered the opinion of the court.

THIS action was begun in a justice court in Costilla County by defendant in error, Escheman, against the plaintiff in error, Williams. Judgment in that court was for plaintiff. Notice of appeal was filed by the defendant in apt time, and a bond was submitted to the justice for his approval. The bond, however, was not left with or filed by the justice, but was carried away by counsel for defendant. The justice delivered all of the other papers in the case to the clerk of the County Court, and later counsel for the defendant lodged the appeal bond with that officer, but he did not approve the same.

Upon this state of the record defendant in error appeared specially in the County Court and moved to dismiss the cause upon the ground that the appeal had not been perfected, in that the bond which had been approved by the justice, had not been filed in the cause, and that when it was filed with the clerk of the County Court that officer had not approved it. The motion to dismiss was granted and judgment entered accordingly, which judgment is now here for review.

The sole question for determination is whether the appeal bond which the defendant purported to furnish was filed with the justice of the peace before whom the case was tried. It appears that the bond was approved by him, but that after such approval he surrendered the possession of it to the attorney for the defendant, by whom it was later delivered to the clerk of the County Court. It appears that the appellate proceeding was attempted under that provision of the revised statutes of 1908 which reads in part as follows:

"The party desiring such appeal may file his bond in the office of the justice who rendered the judgment, such bond to be approved by such justice  *  *  *."

What constitutes the filing of a document is discussed in *Yates v. Tatum*, 60 Colo. at page 486, 155 Pac. 329, as follows:

"It is conceded that the bond was not marked 'filed' in the justice court, and the finding that it was there filed is

in terms based upon the fact that it had been approved by the justice. This is contrary to the accepted definition of "filing."

'In the sense of a statute requiring the filing of a paper or document, it is filed when delivered to and received by the proper officer to be kept on file. The word carries with it the idea of permanent preservation of the thing so delivered and received that it may become a part of the public record.' Bouvier Law Dictionary; *People v. Peck,* 67 Hun. 560-570, 22 N. Y. Supp. 576.

"The thing essential to a filing is a deposit of the paper with the officer, with notice of the purpose, and intent that he should retain it. *Eldred v. Malloy,* 2 Colo. 22."

In the syllabus of that case this was said: . "It is essential to the filing of any document that it should be deposited with the officer entitled to receive it, with notice to him of the purpose, and with intent that he shall retain it.

"An appeal bond approved by a justice of the peace, but which is not deposited with him, but carried to the County Court, is not filed with the justice and has not the effect to perfect the appeal."

Section 3894, R. S. 1908, in relation to appeals from justice courts to County Courts provides that the party seeking such appeal may file his bond in the office of the clerk of the County Court within ten days from the rendition of the judgment from which he desires to take an appeal, and that in that event the clerk of the County Court shall approve such bond. In the case at bar the bond was filed with the clerk of the County Court, but was not approved by him.

The effect of the filing of the appeal bond with the clerk of the County Court, and neglecting to have that officer approve the instrument is discussed in *Adams v. Decker,* 50 Colo. 236, at page 239, 114 Pac. 654, as follows: "The provisions relating to the time within which an appeal from the judgment rendered by a justice of the peace to the county court may be taken, is mandatory, and jurisdictional, and unless the party praying the appeal shall,

within ten days from the rendition of the judgment by the justice of the peace, enter into a bond with approved securities, and, if the appeal is not thus taken within this statutory period, the county court has no jurisdiction, and should dismiss the appeal, either on its own or appellee's motion. *Horn v. Martin,* 38 Colo. 364, 87 Pac. 1073. It stands undisputed upon the record, that, at the time the appeal bond was filed in the county court, there was a regularly appointed, duly qualified, and acting clerk of that tribunal; that the bond was never approved by that official, notwithstanding the recital in the supersedeas, but was approved by the judge. Until the bond was approved by the proper official, it was of no force or effect. Merely filing it was not sufficient. * * * The defendant may have had a good defense in the action which he sought to have tried on appeal to the county court, but appeals are creatures of the statute, and a party desiring to avail himself of the right to a trial *de novo* by taking an appeal must comply with the provisions of the statutes on the subject."

In considering the identical question involved in this case this court in *Predovich v. Predovich,* 49 Colo. 578, at page 581, said:

"While it is true that appellant may file his appeal bond and have it approved either in the court of the justice of the peace or in the County Court, he may not, with the one bond, proceed partly under one section and partly under another of the pertinent statute."

It is contended that appellee was proceeding under section 2858 only, and that the bond was in reality filed with the justice, and sent by him separately to the clerk of the County Court. An inspection of the record, however, utterly fails to support this contention. The bond was never filed in the justice court, and there was no compliance with the requirements of the statute in this respect.

The judgment of the trial court was correct, and the judgment of dismissal is affirmed.

*Judgment affirmed.*

Mr. Chief Justice Garrigues and Mr. Justice Allen concur.