## No. 13,515.

SMITH *v*. ELLIOTT.
(33 P. [2d] 386)

Decided April 30, 1934. Rehearing denied May 21, 1934.

Mr. L. C. KINIKIN, for plaintiff in error.

Messrs. BRYANT & STUBBS, for defendant in error.

*In Department.*

Mr. Justice Burke delivered the opinion of the court.

For convenience we hereinafter refer to these parties as Smith and Elliott.

Elliott sued Smith in justice court on a money demand for $30 and had judgment. Smith appealed to the county court. There Elliott appeared specially and moved to dismiss on the ground, inter alia, that the appeal bond was insufficient. The motion was sustained, and to review the judgment entered accordingly this writ is prosecuted. The only error assigned is the dismissal.

 The appeal bond must be in a sum double the amount of the judgment and costs. C. L. 1921, p. 1619, §6172. This bond was not. Counsel for Smith answers that the motion to dismiss was not verified "and there is no proof of the fact," i. e., that the bond was thus defective. The bond and the transcript of the justice are both before us and disclose the fact indubitably. That is the proper, and best, proof. Counsel says the bond could have been amended. It could. C. L. 1921, p. 1620, §6178; *McKee v. Bassick Mining Co.*, 8 Colo. 392, 394, 8 Pac. 561. But the judgment was entered February 26, and Smith had ten days from that date within which to file his bond. C. L. 1921, p. 1618, §6171. It was filed March 5. The motion to dismiss was heard March 22. The record discloses no application for leave to amend, or for additional time, or other move to remedy the defect. The appeal was therefore properly dismissed on this ground and we need not consider the other reasons given.

The judgment is affirmed.

Mr. Chief Justice Adams and Mr. Justice Holland concur.

*On Petition for Rehearing.*

Mr. Justice Burke.

 That it is unnecessary, for a party whose appeal

bond on appeal from justice of the peace court is held insufficient, to ask time to amend or tender a new bond, but the duty of the court to so order of its own motion, is held in *Schofield v. Felt*, 10 Colo. 146, 14 Pac. 128, on the authority of *Wear v. Killeen*, 38 Ill. 259. But no question of failure to move was involved in the Wear case. There such a motion was made and overruled and the correctness of that ruling was the only question before the court, although it apparently considered a former order of dismissal made in the absence of a motion to amend. In *Wheeler v. Kuhns*, 9 Colo. 196, 11 Pac. 97, in construing the statute governing appeals from the county court to the district court, we expressly held that leave to amend the bond should be granted "if asked in apt time." We conceive of no good reason for ordering an amendment in the absence of a motion following a ruling that the bond is insufficient. We find no difference in the language of the two statutes justifying a different rule of interpretation, and we think that announced in the Wheeler case preferable.

The rehearing is denied.

Mr. Chief Justice Adams and Mr. Justice Holland concur.