No. 13,597.

WALKER *v.* FIRST INDUSTRIAL BANK.

(36 P. [2d] 467)

Decided October 1, 1934.

Mr. JAMES R. HOFFMAN, for plaintiff in error.

Mr. JOSEPH ARTHUR AMTER, for defendant in error.

*In Department.*

MR. JUSTICE BUTLER, sitting for MR. CHIEF JUSTICE ADAMS, delivered the opinion of the court.

JOHN Ruthven Walker seeks the reversal of a judgment of the Denver county court dismissing his appeal from a judgment of a justice of the peace.

The justice of the peace rendered judgment for $158 in favor of First Industrial Bank and against Walker, who thereupon appealed. The appeal bond was signed by Grace M. Walker as surety. The bank moved for an order that a sufficient bond be filed or that the appeal be dismissed. The motion was supported by the affidavit of the bank's attorney showing that the property claimed to be owned by the surety was not of sufficient value. Upon a hearing, the court found that the bond was insufficient and granted the motion. Time was given Walker to file a sufficient bond. The surety then made a showing that she owned additional property, whereupon the bond again was attacked for insufficiency, the bank's attorney filing an affidavit showing that the property owned by the surety was of a value less than the penalty of the bond. At the hearing, Walker tendered another bond, which was signed by another surety; whereupon it was agreed that Walker should furnish a surety company bond, the bank agreeing to pay the cost of such bond. The court continued the hearing to enable Walker to furnish the surety company bond, as agreed. The surety company bond was never furnished, and the bank attacked the sufficiency of the tendered bond signed by the new surety, the bank's lawyer filing an affidavit tending to show the insufficiency thereof. A hearing was had, and the court held the bond insufficient. No application being made for further time within which to file a sufficient bond, the court dismissed the appeal.

The several affidavits, referred to above, purported to state the condition of the several properties owned by the sureties, as disclosed by the records of the county clerk and recorder, the county assessor, the county treasurer and the delinquent tax department. Without going into details, they showed delinquent general taxes and local improvement assessments, tax sales,

and mortgages, both first and second. And, according to the affidavits, there were defaults in mortgage interest. Grace M. Walker swore that two of the mortgages were paid, but she admitted on cross-examination that there was no release of record. Walker introduced evidence of values. The evidence concerning the sufficiency of the bonds was conflicting. It was for the county court to determine the credibility of the witnesses and the weight of the evidence, and we cannot interfere with its findings.

We do not agree with counsel's contention that the affidavits should not have been considered by the court. The affidavits out of the way, the evidence to the effect that the bonds were sufficient would stand uncontradicted. It was proper, upon such a hearing, for the court to consider the affidavits. "One of the methods, and indeed the usual method of supporting motions is proof presented by affidavits." 42 C. J. p. 493. And see 1 R. C. L., p. 766. Counsel for Walker cites *People ex rel. v. Brown,* 17 Colo. 431, 30 Pac. 338, as authority for his position. That case is not in point. There the respondent in a disbarment proceeding tendered his affidavit as evidence to be considered upon the trial, and this court held the affidavit inadmissible.

The county court was under no legal duty to give Walker repeated opportunities to file a sufficient bond. However, it had a discretionary power to do so *(McKee v. Bassick Mining Co.,* 8 Colo. 392, 8 Pac. 561; *Board of County Commissioners v. King,* 9 Colo. 542, 13 Pac. 539), and that power it exercised in his favor. Walker was given every reasonable opportunity to perfect his appeal, but failed to do so. The court properly dismissed the appeal.

The judgment is affirmed.

Mr. Justice Hilliard and Mr. Justice Bouck concur.