## No. 15,579.

SOUTHWESTERN GREYHOUND LINES *v.* NELSON.

(156 P. [2d] 109)

Decided January 29, 1945.   Rehearing denied February 26, 1945.

Mr. FRED W. HARDING, for plaintiff in error.

Mr. HAROLD B. WAGNER, for defendant in error.

*En Banc.*

MR. JUSTICE JACKSON delivered the opinion of the court.

THIS is a case involving an appeal bond.

Plaintiff in error was the defendant, and defendant in error the plaintiff, in both justice and county courts. For convenience we refer to them as they there appeared.

February 14, 1944, plaintiff obtained judgment against defendant in justice court for $200 and costs. February 23, appeal bond of defendant was approved and filed in justice court and transcript for appeal was also completed the same day. This transcript, together with the appeal bond, was filed in the county court on February 24. May 25, the county court signed an order granting defendant leave to withdraw the appeal bond theretofore filed, upon filing another bond, properly signed by defendant. This was an ex parte order, no appearance having at that time been entered by plaintiff in the county court. This new appeal bond was approved by the justice of the peace May 25, 1944, and the clerk of the county court endorsed the bond "O.K.," showing its filing on the same day in the latter court. This substituted bond, executed by defendant as principal, by a vice-president, was in the amount of $400. It was also executed by a surety company as surety, by its attorney in fact. The record does not contain a copy of the original bond, which was withdrawn, but we gather from the briefs of counsel that it was in the same amount, executed by the same surety, but signed by the agent of the defendant company rather than by the company itself as principal, and no corporate seal was attached.

August 16 counsel for plaintiff, appearing specially and only for that purpose, filed a motion to dismiss the appeal. August 31 the county judge granted the motion to dismiss. From this order of dismissal defendant

comes here on writ of error. Both parties ask that the matter be determined on supersedeas, and we have concluded so to dispose of it.

Counsel for plaintiff quotes from our opinions in *Horn v. Martin,* 38 Colo. 364, 87 Pac. 1073; *Adams v. Decker,* 50 Colo. 236, 114 Pac. 654; and *Spain v. Murry,* 77 Colo. 197, 235 Pac. 338.

In *Horn v. Martin, supra,* the appeal bond had not been filed within the ten day period provided by statute, and we stated that: "The statute above referred to is mandatory and jurisdictional, and must be strictly complied with, and, unless an appeal is taken within the statutory period, as therein provided, the court has no jurisdiction, and the appeal is void for all purposes, and will be dismissed either on motion of appellee or on the court's own motion. In such case, the court has no power to make any other order than that of dismissal. 2 Enc. Pl. & Pr. 239, and cases cited." Likewise in *Fort v. Demmer,* 91 Colo. 285, 14 P. (2d) 489, cited by counsel, the appeal bond had not been filed in time.

In *Spain v. Murry, supra,* no appeal bond was filed, and, in discussing its absence, we said: "It has been held that the failure to enter into and file the proper bond, on appeal, gives the county court no jurisdiction, and such court should dismiss the appeal either on its own or the appellee's motion. *Horn v. Martin,* 38 Colo. 364, 87 Pac. 1073; *Williams v. Escheman,* 68 Colo. 4, 189 Pac. 28; *Adams v. Decker,* 50 Colo. 236, 114 Pac. 654."

In the instant case an appeal bond was filed and approved in the justice court and subsequently, together with the transcript from the justice court, was filed in the county court in due time and approved. Having reached the county court with the proper formalities on appeal having been observed, we believe the case comes directly within the purview of section 148, chapter 96, '35 C.S.A., reading as follows: "If, upon the trial of any appeal, the bond required to be given shall be

adjudged informal or otherwise insufficient, the party who shall have executed such bond shall in no wise be prejudiced by reason of such informality or insufficiency; provided, he will, in a reasonable time, to be fixed by the court, execute a good and sufficient bond." The bond may be considered to have been informal in that it did not carry with it the evidence of the authority of those persons signing in behalf of the principal and surety to execute it; it may be considered to have been insufficient in that technically it should have been in the amount of $406, instead of $400. This insufficiency, caused by the failure to include the costs in the computation of the amount of the bond, was not such as to jeopardize the rights of the plaintiff on the appeal, and might almost be considered to come within the maxim, de minimis non curat lex. The right of the officer or agent of the corporations executing the bond as principal and surety, respectively, was not challenged. Defendant, having become aware of the informality relating to the signing of the bond by the agent for the principal, sought and procured an ex parte order allowing the substitution of a new bond similar in other respects to the original bond, except that the defendant corporation itself executed the substituted bond as principal by its vice-president, with corporate seal attached.

Approximately three months later, counsel for the plaintiff, appearing specially and for the first time in the county court, moved to dismiss the appeal on the ground, among others, that the appeal bond was without efficacy and void because not filed in apt time. The trial court dismissed the appeal on the latter ground. We believe this was error. The ruling apparently was based on the theory that the date of the filing of the original bond should be ignored and the date of filing the amended bond, three months later, should govern.

In our opinion when the attack was made upon the bond, the county court should have adjudged in what respect it was informal and insufficient, and allowed

the defendant a reasonable time within which to correct the deficiencies. *Smith v. Elliott,* 95 Colo. 68, 33 P. (2d) 386; *Schofield v. Felt,* 10 Colo. 146, 14 Pac. 128; *Wheeler v. Kuhns,* 9 Colo. 196, 11 Pac. 97.

In *Smith v. Elliott, supra,* speaking thru Mr. Justice Burke, we called attention to the difference between *Schofield v. Felt, supra,* which automatically allowed amendment of an insufficient bond even though not requested, and *Wheeler v. Kuhns, supra,* where we expressly held that leave to amend the bond should be granted "if asked in apt time," and adopted the rule announced in the latter case.

In the instant case, defendant tendered an amended bond or, if that was deemed unsatisfactory, asked leave to supply another bond in such form as the court should designate. It therefore seems to have brought itself within the rulings in *Smith v. Elliott, supra,* and *Wheeler v. Kuhns, supra.* In the latter case the bond, before being amended, contained only the signature of the surety.

*Walker v. First Industrial Bank,* 95 Colo. 411, 36 P. (2d) 467, does not support plaintiff's position. There the personal surety on the appeal bond was found to have insufficient assets. After hearing, the court found the bond insufficient and granted appellant time within which to file a sufficient bond. The surety then made a showing that she owned additional property. On a second hearing it was determined that this was not sufficient to enable her to justify. Appellant then tendered a bond with a third surety, which was not accepted. It then was agreed that appellant should furnish a surety company bond, the appellee agreeing to pay the cost of obtaining it. After the case had been again continued and the surety company bond had not been furnished, the case was finally dismissed.

In the instant case there has been not one single judgment by the court finding the bond defective and permitting its correction. The ex parte order allowing

the substitution by defendant sua sponte of an amended bond correcting an informality that had become apparent to its counsel is not such a judgment.

Counsel for plaintiff assumes in his brief that the substituted bond is governed by the procedure under section 144 and cites *Yates v. Tatum,* 60 Colo. 484, 155 Pac. 328. In that case we held the procedure that had been followed complied with neither section 143 nor section 144, chapter 96, '35 C.S.A.

█ It is our opinion that defendant in the instant case perfected his appeal under section 143, supra, with due promptness, and the original bond was filed with and approved by the justice of the peace and subsequently approved by the clerk of the county court. Any further proceedings were under the jurisdiction of the county court as provided first, by section 143, supra, and then in respect to amendment, by section 148, supra. At no time was section 144, supra, applicable.

Historically, it is interesting to note that the first case in our reports, *Gardner v. Dunn,* 1 Colo. 1, concerns an appeal bond issued in 1862. There, speaking through Mr. Justice Bradford, we said: "It is not doubted by this court but that the appeal bond was informal and insufficient; but it is equally clear that the court erred in overruling the motion of the appellant to permit him to file a good and sufficient bond in pursuance of the forty-fifth section of the act of our legislature, entitled 'An Act concerning justices of the peace and constables,' approved October 31, 1861." The mentioned forty-fifth section is the same as section 148 above quoted.

We conclude in the words of the final paragraph of that first case: The judgment of the county court "is reversed and the cause remanded, with directions to that court to permit the appellant to file a good and sufficient bond, and to hear and determine the cause upon its merits."