No. 17,585.

NATIONAL MOTOR FINANCE COMPANY *v.*
FRANK F. DEMARCO.
(287 P. [2d] 265)

Decided August 29, 1955.

Messrs. KAUFMAN & GREENWALD, for plaintiff in error.

Mr. ROBERT E. LONG, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

ON October 8, 1955 (according to the record certified to this court by the clerk of the county court of Arapahoe County, Colorado) defendant in error filed a "Petition for Supersedeas" entitled National Motor Finance Company, Plaintiff v. Frank F. DeMarco, Defendant, in which plaintiff moved the county clerk of Arapahoe County, Colorado "for an order requesting the Clerk to issue Supersedeas enjoining the Justice and Constable from proceeding any further in said suit and suspending all proceedings in relation thereto," giving as "reasons" therefor: "1. That the defendant in the above entitled action has filed a bond with the Clerk of the County Court which bond has been approved by the Clerk in this action. 2. That pursuant to Section 143, chapter 96, the law provides that after the bond has been approved, the Clerk shall issue a supersedeas to carry out the terms of the statute to perfect the appeal." Thereafter, on October 8, 1954, the county judge ordered the clerk to issue a supersedeas "to enjoin the constable from proceeding any further in said suit, and directs that a copy of this Order be served on said W. F. Holland."

On the same date the county judge signed an order enjoining "said William F. Holland, his Constable and Deputy Constables from proceeding any further in said suit, and hereby suspends all proceedings in relation thereto." By the same order William F. Holland, justice of the peace, Englewood, Colorado, was ordered to transfer all papers and a transcript of the judgment to the clerk of the county court of Arapahoe County, Colorado.

It appears from the transcript, and the parties agree that the so-called bond filed consisted of an uncertified check issued by counsel for DeMarco in the sum of

$25.00 payable to the clerk of the county court of Arapahoe County.

Three separate motions were interposed to dismiss the county court action, and all were denied. On the day the last motion was denied, the county court made findings of facts and conclusions of law and entered judgment in favor of DeMarco; adjudged that the "property heretofore repossessed and replevined by plaintiff be returned to the defendant," and assessed the costs of the action against plaintiff. The county court then directed the "bond" be returned to defendant.

Plaintiff in error brings the cause here by writ of error.

We glean from what transpired in the county court that plaintiff in error in the justice court of one William F. Holland brought a replevin suit to secure possession of certain chattels embraced in a mortgage given by DeMarco to plaintiff in error to secure his debt, and that said justice of the peace rendered a judgment in said replevin action in favor of plaintiff in error. The date of that judgment appears nowhere in this record, neither does it appear when the check tendered as a "bond" was delivered to the clerk of the county court.

It will also be noted that the petition for supersedeas did not state the name of the justice of the peace, neither did the order of the county court in any way identify the action in which the justice of the peace or his constable were enjoined.

█ Appeals from judgments of the justice of the peace are governed by statute. The bond to be filed in an appeal from a justice of the peace court must be substantially in the form prescribed by law. C.R.S. 1953, 79-13-3.

A litigant who desires to appeal cannot deposit money or a check as security for the prosecution of an appeal, instead of entering into an undertaking where the statute prescribes the form of the bond.

█ In this state the bond must be filed within ten

days after the rendition of the judgment in the justice court. C.R.S. 1953, 79-13-2. Said bond in an action of this kind must be in an amount at least equal to the established value of the property replevined, together with costs of the action, and must be approved either by the justice of the peace or county court. Upon such approval of a bond within the statutory time the case is then on appeal to the county court. Here, the county court apparently accepted the twenty-five dollar check because "the only costs were witness fees and defendant's filing fees, since no money judgment was granted below." How the county court came to this determination does not appear, for as we have said, the record of the justice of the peace was never certified to the county court, and in no document or pleading filed in the county court did it appear that the "bond" was tendered within the ten days allowed by statute for an appeal.

■ It nowhere appearing that DeMarco filed a bond in substantial compliance with the statute within the time allowed by law, and that the record of the justice of the peace was never certified to the county court, that tribunal was without jurisdiction and was in duty bound to dismiss the so-called "petition for supersedeas." Its refusal so to do was error. *Adams v. Decker,* 50 Colo. 236, 114 Pac. 654.

Counsel for defendant in error urges us to affirm the judgment of the county court under our "broad," discretionary and supervisory. powers to effect justice. We cannot abrogate the plain and mandatory provisions of the statutes relating to appeals from judgments of the justice of the peace courts.

There was nothing before the county court from the very inception of the proceeding in that tribunal. The original petition was lacking in essential allegations, and nothing which subsequently appeared supplied the deficiency.

The judgment is reversed and the cause remanded to

the trial court with direction to dismiss the proceeding at costs of the defendant in error.