## No. 9343.

DENVER & RIO GRANDE RAILROAD COMPANY *v.* DUFFEY.

1. COUNTY COURT—*Appeal from Justice—Bond.* To dismiss an appeal for defects in the appeal bond, without affording appellant opportunity to furnish a proper bond, is error (Rev. Stat. sec. 3853).

   This section controls even though the bond is not signed by appellant at all, but only by the surety.

2. APPEALS AND ERROR—*Judgment.* Writ of error pending on application for supersedeas. Error being manifest, the judgment was reversed, and the cause at once remanded, with directions to the court below to correct its irregularities.

*Error to Lake County Court, Hon. Thomas F. O'Mahoney, Judge.*

Mr. E. N. CLARK, Mr. G. A. LUXFORD, Mr. J. W. CLARK, for plaintiff in error.

Mr. JAMES T. HOGAN, for defendant in error.

Chief Justice Hill delivered the opinion of the court.

THIS action was instituted by the defendant in error before a Justice of the Peace. Upon appeal to the County Court he moved to dismiss the appeal for the reason that no appeal bond had been given, the purported bond filed and approved not being signed by the defendant, but by its surety only. This motion was granted and the action dismissed without giving the defendant an opportunity to furnish a good bond.

In this the trial court erred. In such cases, section 3853 Rev. Stats., 1908, gives to the defendant a reasonable time within which to file a good and sufficient bond.

*Schofield v. Felt,* 10 Colo. 146, 14 Pac. 128.

The contention because the bond was not signed by the defendant, that it was no bond, hence section 3853, *supra,* does not apply, is not well taken.

*Wheeler v. Kuhn,* 9 Colo. 196, 11 Pac. 97.

While this case is now being presented on application for supersedeas only, it is controlled by former cases involving the same points which are not now debatable in this jurisdiction, for this reason we are of opinion that it should be finally disposed of at this time.

The judgment will be reversed and the cause remanded with directions to vacate the order of dismissal and give to the defendant a reasonable time within which to execute and have approved an appeal bond.

*Reversed and remanded* with directions.

Mr. Justice White and Mr. Justice Teller concur.