## No. 9179.

### GIBBS ET AL. v. SECURITY TRUST AND SAVINGS BANK.

1. APPEAL—*County Court to District Court—Bond.* An appeal from the County Court to the District Court is not to be dismissed merely because the surety is disqualified by statute to enter into the contract of suretyship, nor because, the appellant being a corporation, the bond is subscribed by an officer not having authority—provided a good and sufficient bond is filed. (Rev. Stat. sec. 1539.)

2. PARTIES—*Necessary—At Law.* Action upon promissory note by endorsee. The answer alleged that plaintiff held the notes merely for collection, and received them with full knowledge of facts set up in the answer showing want of consideration. *Held* that the payee named in the notes was not a necessary party.

3. JUDGMENT—*When a Bar.* Action upon promissory notes. On the same day with its institution plaintiff brought replevin to

recover certain chattels, mortgaged to secure the payment of the notes, and recovered judgment by default therein. Inasmuch as there was no answer in the action of replevin, no judgment could have been given save for the property demanded in the complaint. The judgment in the action in replevin was therefore no bar to the action upon the notes.

*Error to Las Animas District Court, Hon. A. C. McChesney, Judge.*

*Department.*

Messrs. ALTER & UPTON, for plaintiffs in error.

Messrs. DANA & BLOUNT, for defendant in error.

Opinion by Mr. Justice Teller.

This cause, an action on promissory notes by an assignee thereof, was first tried in the County Court of Las Animas County, where defendants had judgment on a directed verdict. The plaintiff, defendant in error here, prayed an appeal to the District Court, and filed therein an appeal bond which was signed by it, per "C. F. Tipton, its agent," The First National Bank of Trinidad signing as surety.

The defendants below thereupon moved to dismiss the appeal on the ground that the bond was not signed by the principal or any of its authorized agents, and that it was not signed by a surety. This motion was denied on condition that a sufficient bond be filled, and such bond was duly filed.

It is now contended that the court erred in overruling said motion, it not appearing that Tipton was authorized to execute the bond, and the surety, a National Bank, not being competent to become such surety. Counsel assert that the instrument was void. We can not agree with that contention. The instrument was a bond in form, purported to be executed by the principal and a surety, and was duly approved as such by the court. In the motion it is attacked as "defective, insufficient and void." The statute, sec. 1539, R. S. 1908, prohibits the dismissal of an appeal because the

bond is informal or insufficient, and requires the court to allow a new bond to be filed in case the original bond is deemed insufficient.

In *Wheeler v. Kuhns,* 9 Colo. 196, this court held it was error to refuse an application to file a new bond where the first bond was not signed at all by the principal. It was there said of the statute:

"Under this authority, the purpose of the law is accomplished where a good and sufficient bond is approved and filed; nor is it important whether the insufficiency of the original instrument consists in some merely formal omission, or whether the defect complained of be a failure to comply with the most material requirement of the statute. The approval of the court which tried the cause of the imperfect obligation, given in good faith, and the transmission thereof to the appellate tribunal, entitles appellant to the benefit of the corrective statute."

The bond was merely defective, and there was no error in overruling the motion to dismiss.

Error is alleged, also, in the denial of a motion to make the payee of the notes a party defendant. The amended answer alleged that the plaintiff was not the owner of the notes, that it held them merely for collection, with full knowledge of the several facts which are set out in the answer to show want of consideration. If these allegations were established, the plaintiff was not a holder in due course, and the equitable defenses were good against it. There was, therefore, no necessity for making the payee a party.

It appears that the notes in suit were secured by a chattel mortgage upon a traction engine, and that defendant in error, on the day on which it began suit on the notes, began also an action in replevin to recover possession of the engine, in order to foreclose the mortgage thereon. In that action judgment was entered awarding the plaintiff the possession of said engine. It appears from the briefs that the defendants in the replevin action filed no answer and suffered judgment by default.

This judgment was pleaded in bar to the suit on the notes, and it is now contended that the right to recover on the notes might have been determined in the replevin action, and hence can not now be litigated. The complaint in the replevin suit set out the giving of the notes and the chattel mortgage, and default on payment, and prayed that a writ of replevin issue and that plaintiff be adjudged the owner and entitled to possession of the mortgaged property.

While it is true, as counsel assert, that all matters which might have been litigated under the issues as incident to, or necessarily connected with, the subject matter of the controversy are excluded from future litigation, whether determined or not, it does not follow that the judgment in the replevin action is a bar to a suit on the notes, under the circumstances here presented. There being no answer filed, the relief could not have included judgment for the amount due on the notes. It could cover only what was demanded in the complaint (Sec. 186 of Code, R. S. 1908), and that was possession of the engine. It can not therefore be assumed that the question of recovery on the notes was determined.

The money demand on the notes not having been litigated, the plaintiff still had a right of action, and the trial court did not err in refusing to enter judgment on the pleadings in favor of the defendants.

The judgment is accordingly affirmed.

Judgment affirmed.

Chief Justice Hill and Mr. Justice White concur.