No. 16,338.

City and County of Denver *v*. Sheldon et al.

(223 P. [2d] 618)

Decided September 25, 1950. Rehearing denied October 30, 1950.

Mr. J. GLENN DONALDSON, Mr. MAURICE REULER, for plaintiff in error.

No appearance for defendants in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

DEFENDANTS in error were tried in the municipal court of the City and County of Denver on charges of vagrancy and contributing to a house of ill fame, in violation of sections 1268 and 1345 of ordinance 156, series of 1927 as amended, of the Municipal Code of the City and County of Denver.

Upon the trial of defendants in error in the municipal court on November 18, 1948, the said charges were dismissed and defendants in error were discharged. Thereafter, and on November 22, 1948, a transcript of the record of the municipal court proceedings was signed by the municipal judge. On November 27, 1948, the said transcript was filed and docketed with the clerk of the county court by plaintiff in error on appeal from the adverse judgment of the municipal court.

On January 24, 1949, defendants in error filed their motion to dismiss upon the ground that they had been placed in jeopardy in the trial before the municipal court, and that a retrial upon appeal by the city would amount to a violation of section 18, article II, of the Constitution of Colorado, which provides that no person shall "be twice put in jeopardy for the same offense." The trial court denied this motion.

On January 25, 1949, a jury was impaneled and sworn to try the cause. Immediately following the selection of the jury, the attorneys for defendants in error moved to dismiss the action upon the ground that the City and County of Denver did not perfect its appeal in accordance with law, in that the transcript of the judgment of the municipal court was not filed in the county court "within three days of the judgment appealed from," as required by section 41, chapter 127, '35 C.S.A. This section of the statute deals with appeals from municipal to county courts, the portion thereof pertinent to the present proceedings being as follows: "Appeals may be taken by the city by filing said papers and transcript in the county court aforesaid, within three days of the judgment appealed from, without giving any bond; provided, that the party appealing shall, within five days from the date of the approval of his appeal bond, pay to the clerk of the court to which the appeal is taken, all fees necessary to have the cause docketed and placed on the calendar. In case the party appealing fails to pay said fees within said time, then said appeal shall be dismissed on application of the appellee, and the clerk of said court shall at once issue a procedendo to the police magistrate from whose judgment the appeal was taken, to make the amount of the judgment and all costs therein incurred before said police magistrate and in said court." The trial court denied this motion and the cause proceeded to trial to a jury, resulting in verdicts of guilty as to all defendants in error.

Defendants in error on February 5, 1949, filed their motion in arrest of judgment and for judgment notwithstanding the verdict, alleging that they were illegally placed twice in jeopardy, and that the trial court did not have jurisdiction of the subject matter of the action for the reason that the city did not perfect its appeal within the time provided by statute. The court sustained this motion and entered judgment in favor of defendants in

error, to review which the city brings the case here by writ of error.

If the trial court was correct in holding that plaintiff in error had not perfected an appeal from the municipal court in time, and that defendants in error had not waived the objection by participating in the trial following the denial of their motion to dismiss, it becomes unnecessary to determine the constitutional question involved in the plea of former jeopardy.

■ Counsel for plaintiff in error argue that the lapse of more than three days between the judgment of the municipal court and the filing of the transcript with the clerk of the county court is not jurisdictional, and that defendants in error, having participated in the selection of a jury and having gone to trial on the merits after the adverse ruling on their motion, waived the right to rely upon the late filing of the transcript. We cannot agree with this argument. The statute confers upon the city an optional right to appeal. If the city elects to appeal, there must be a compliance with the statutory conditions relating thereto before any jurisdiction is conferred upon the county court. In *Horn v. Martin*, 38 Colo. 364, 87 Pac. 1073, we considered the statute governing appeals from justices of the peace to county courts, which is now section 141, chapter 96, '35 C.S.A., the pertinent portion of which is, "The party praying the appeal shall, within ten days from the rendition of the judgment from which he desires to take an appeal, enter into bond, with security to be approved and conditioned as hereinafter provided." Our court there stated: "The statute above referred to is mandatory and jurisdictional, and must be strictly complied with, and, unless an appeal is taken within the statutory period, as therein provided, the court has no jurisdiction, and the appeal is void for all purposes, and will be dismissed either on motion of appellee or on the court's own motion. In such case, the court has no power to make any other order than that of dismissal." To like effect is a pronouncement in

*Adams v. Decker,* 50 Colo. 236, 114 Pac. 654. In *Southwestern Greyhound Lines v. Nelson,* 113 Colo. 248, 156 P. (2d) 109, we specifically approved the language above quoted from *Horn v. Martin, supra.*

In substance, the only difference between the statute governing appeals from a municipal court to the county court, and those governing appeals from justices of the peace to county courts, is that the former provides that the party praying the appeal "shall" within the time fixed enter into the bond, and in the latter, the language is that appeals "may" be taken by the city by filing the transcript in the county court "within three days of the judgment appealed from." The contention of counsel for plaintiff in error would place no time limitation upon the right of the city to prosecute an appeal from a judgment of the municipal court, since the city is expressly relieved from the necessity of filing a bond.

Counsel for the city argue that the city has the right to appeal, notwithstanding the lapse of more than three days from the rendition of the municipal court judgment; and in the absence of a showing of unreasonable delay in docketing the appeal to the prejudice of the other party, the county court acquires jurisdiction and has full authority to proceed. Suffice it to say that we do not so construe the language employed in the statute. The plain intent of this statute is that, if the city elects to prosecute an appeal it must, within three days of the entry of judgment, file the "papers and transcript" in the county court. It is admitted, in the case at bar, that more than three days elapsed following the rendition of the municipal court judgment and the filing of the transcript in the country court. The county court was, therefore, without jurisdiction to proceed and had no power to make any other order than that of dismissal.

The objection, going as it does to the jurisdiction of the county court, was not waived by defendants in error when they participated in the trial, following the action of the court in denying the motion which raised

the question of jurisdiction. While the trial court erred in proceeding to trial and receiving verdicts in the cause, it was correct in sustaining the motion of defendants in error for judgment, notwithstanding the verdict.

The judgment is accordingly affirmed.

MR. JUSTICE HAYS dissents.

MR. CHIEF JUSTICE HILLIARD does not participate.