No. 16,535.

CITY AND COUNTY OF DENVER *v.* BRIDWELL.
(224 P. [2d] 217)

Decided October 30, 1950.

Mr. J. GLENN DONALDSON, Mr. ABE L. HOFFMAN, PATRICIA MALOY, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

WITHOUT any appearance for the designated defendant in error, we are called upon to dispose of this case without a brief in opposition to the points specified, and the arguments presented by counsel for plaintiff in error in their brief. We might well affirm the judgment of the lower court without written opinion; however, to avoid reappearance of the question presented by plaintiff in error, an opinion of our court seems advisable.

A complaint was filed against the nonappearing defendant in error in the municipal court of the City and County of Denver charging him with violation of the city ordinances relating to drunkenness, disturbance, and resisting an officer. On hearing, defendant was adjudged guilty and fined in the sum of $180 and costs, and it was ordered that on failure to pay the fine, he be im-

prisoned in the city jail until the fine was fully satisfied, not to exceed ............ days. Defendant perfected an appeal to the county court of the City and County of Denver under section 41, chapter 127, '35 C.S.A. Prior to the trial date in the county court, the city filed its motion to dismiss the appeal on the ground that the county court lacked jurisdiction to entertain, hear, try, or determine any appeal from a municipal court of the City and County of Denver. This motion was overruled and a jury trial had, resulting in not-guilty verdicts; defendant was discharged and a judgment entered in his favor for costs, including the jury fees.

The city, plaintiff in error, brings the cause here for review by writ of error and its counsel rely solely on their contention that there is no statutory or other valid provision of law vesting jurisdiction in the county court to hear appeals from the municipal court of the City and County of Denver. This contention is not answered, because defendant in the lower court has entered no appearance here, and, having been discharged, he is not now interested.

Regardless of the merits of the contention of counsel for the city, which we will later discuss, their position is inconsistent, in that they have relied upon the existing statutes for perfecting their appeals from the municipal court. The most recent case is *City and County of Denver v. Sheldon, et al.*, 122 Colo. 446, 223 P. (2d) 618, in which this court announced its opinion September 25, 1950, affirming the judgment of the county court of the City and County of Denver, in a case appealed to that court from the municipal court by the city.

Long prior hereto, and ever since the creation of the consolidated city and county, designated as the City and County of Denver by Article XX of the Constitution of the State of Colorado, appeals from the police court have been perfected under section 41, chapter 127, '35 C.S.A., which provides in part, "Appeals may be taken from all judgments of said courts to the county court

of the same county, where the case shall be tried de novo. * * *."

This section of the statute is found in article 3 of chapter 127, supra, which relates to police magistrate courts in cities of more than 50,000 population. These statutes relating to the creation of police magistrate courts and police magistrates were enacted in 1885, and, with slight amendments not material here, are now in full force and effect.

It is contended by counsel for the city that, acting under the provisions of section 6, article XX of the Constitution, which provides that the city which becomes a home-rule city under the amendment may create police courts and define the regulation of the jurisdiction, powers, and duties thereof, and for the election and appointment of police magistrates therefor, it did by ordinance in 1947, amended by ordinance No. 47, series of 1948, create "a municipal court of the City and County of Denver" to be presided over by four municipal judges who should be appointed by the mayor, and that said court shall have original jurisdiction of all cases arising under the ordinances of the City and County of Denver. Section 8 of said ordinance as set out in the brief of plaintiff in error, is as follows: "Until changed by ordinance, the procedure relating to appeals prescribed in section 41, chapter 127 of the Colorado Statutes Annotated, 1935, shall, so far as applicable, govern the said Municipal Court and appeals therefrom."

Counsel for the city argue that the police courts, and the police magistrate courts as created by statute, are entirely different from the municipal court created by ordinance of the City and County of Denver under its charter; that police magistrates under the statute are appointed by the governor, while the judges of municipal courts are appointed by the mayor, and they contend that the appellate section of the statute governing appeals from a magistrate's court has no application whatever to the municipal court of the City and County of

Denver, and therefore, the county court in the case at bar had no lawful authority to accept and hear an appeal from the municipal court. They wholly ignore the above quoted section of the ordinance relating to appeals, which clearly and distinctly provides that appeals from the municipal court created by the ordinance are to be effected under the existing statutory provision, "until changed by ordinance."

While the ordinance recognizes the existing statutory provisions for appeal, it is doubtful that the municipality could by ordinance effectively or legally provide the right of appeal to a state court, since that would have the effect of creating a part of the jurisdiction of a state court and would be the exercise of an extraordinary power not included within the powers of local self-government. This is an extramural power not to be exercised by a municipality unless granted by the people of the state or by the legislature. A city cannot vest appellate powers on courts without legislative authority.

If it could be successfully contended that the city, by its ordinance above referred to, created a court that is not a court of record, with power to impose fines and jail sentences, and its judgments be final from which there could be no appeal, then it would be an infringement upon constitutional rights and repugnant to due process.

The intent, purpose, and spirit of the state laws providing for appeals from municipal or police courts is to afford the right of trial to a jury, and that, regardless of the name of the court. In all matters such as the violation of municipal ordinances, it is essential to due process that an appeal lie to some higher tribunal.

In face of the incongruous situation here presented, we need no opposing argument to assist us in arriving at a conclusion that an injustice to litigants would result from the fact that any court set up, by whatever name it may bear, to hear and determine violations of city ordinances, cannot impose fines and imprisonment for such

violations and the offender be foreclosed from any right of appeal. This inherent right obtains, whether in a home-rule municipality or otherwise. The name or style of the court does not limit or change the fundamental rights of litigants who may appear before it. Moreover, the practice followed by litigants, as well as the municipality, in the matter of appeals since Denver became a home-rule city under the constitutional amendment, and the approval thereof by the courts, has acquired much of the force and effect of law. Counsel for the City and County of Denver have recognized the statute relating to appeals in such cases, and by enacting ordinances containing and referring to the provisions of the statutes, the municipality has recognized the full force and effect of the statutes herein referred to as controlling in such matters.

We therefore conclude that the county court of the City and County of Denver properly accepted jurisdiction in the case involved; that it has jurisdiction in all similar cases; and that the trial court was right in denying plaintiff in error's motion to dismiss.

The judgment is affirmed.