Harry BAUM, Plaintiff–Appellant,

v.

TOWN OF FRISCO, a home rule
municipality, and Dick Boylan,
Defendants–Appellees.

No. 02CA1164.

Colorado Court of Appeals,
Div. II.

Jan. 30, 2003.

Certiorari Granted Aug. 18, 2003.

&#128273;65

Peter H. Ziemke, LLC, Peter H. Ziemke,
Wheat Ridge, Colorado, for Plaintiff–Appellant.

Holme Roberts & Owen, LLC, Thad Renaud, Denver, Colorado, for Defendant–Appellee Town of Frisco.

Schlueter Mahoney & Ross, P.C., Michael A. Schlueter, Denver, Colorado, for Defendant–Appellee Dick Boylan.

Opinion by Judge NEY.

Plaintiff, Harry Baum, appeals the judgment dismissing for lack of subject matter jurisdiction his action against defendant, the Town of Frisco. We reverse and remand.

Plaintiff brought this action in district court pursuant to C.R.C.P. 106(a)(4) to challenge a zoning action by the town. The town moved to dismiss for lack of subject matter jurisdiction on grounds its town charter vested its municipal court with "exclusive original jurisdiction over all matters arising under this Charter, the ordinances, and other enactments of the Town." The district court granted the motion and dismissed the action, and plaintiff now appeals.

We review de novo the district court's legal conclusions upon a motion to dismiss for lack of subject matter jurisdiction. *Walton v. State,* 968 P.2d 636 (Colo. 1998).

The pivotal legal issue here is whether the town's charter exceeds its constitutional authority by purporting to grant its municipal court exclusive jurisdiction of all matters arising under its charter, ordinances, and other enactments. The town asserts that it has the authority to set the jurisdiction of its municipal court. While we agree with this assertion in general, *see* Colo. Const. art. XX, § 6, the issue here concerns the limits on that authority.

In purporting to establish exclusive jurisdiction in its municipal court over claims arising under its charter, ordinances, and other enactments, the town attempted to remove such jurisdiction from the district court. Thus, the issue before us is whether the town has the authority to divest the district courts of original jurisdiction over claims arising under the town's charter, ordinances, and other enactments. We conclude that it does not.

While a home rule city enjoys great power to regulate on matters of local concern, it has the power to regulate on issues of statewide concern only if authorized to do so by the constitution or a state statute. *Town of Telluride v. Lot Thirty–Four Venture, L.L.C.,* 3 P.3d 30 (Colo.2000).

The jurisdiction of state courts is of statewide concern. *See City & County of Denver v. Bridwell,* 122 Colo. 520, 524, 224 P.2d 217, 218 (1950)(municipality's attempt to affect jurisdiction of state court "would be the exercise of an extraordinary power not included within the powers of local self-government" and "not to be exercised by a municipality unless granted by the people of the state or by the legislature"); *Williams v. People,* 38 Colo. 497, 505, 88 P. 463, 466 (1907)(municipality "cannot legislate with respect to the jurisdiction and procedure of the state courts, which necessarily are matters of governmental nature and state importance, and reserved exclusively for action by the general assembly"); *see also* Colo. Const. art.

VI, § 19 ("[a]ll laws relating to state courts shall be general and of uniform operation throughout the state"); *Hardamon v. Municipal Court,* 178 Colo. 271, 276, 497 P.2d 1000, 1002 (1972)(constitutional authority to establish municipal courts "is limited in scope to those aspects of court organization and operation which are local and municipal in nature and does not empower home rule cities to deny substantive rights conferred upon all of the citizens of the state by the [G]eneral [A]ssembly").

Accordingly, we conclude that unless the constitution or a state statute authorizes the town to grant exclusive original jurisdiction over certain matters to its municipal court, the town may not do so.

The town nevertheless argues that this authority is conferred by Colo. Const. art. VI, § 1, which reads:

The judicial power of the state shall be vested in a supreme court, district courts, a probate court in the city and county of Denver, a juvenile court in the city and county of Denver, county courts, and such other courts or judicial officers with jurisdiction inferior to the supreme court, as the general assembly may, from time to time establish; *provided, however, that nothing herein contained shall be construed to restrict or diminish the powers of home rule cities and towns granted under article XX, section 6 of this constitution to create municipal and police courts.* (Emphasis added.)

The town argues that the emphasized proviso grants a home rule city authority to create exclusive original jurisdiction of certain matters in its municipal court, regardless of the effect on other state courts. We reject this argument as applied to the issues in this case.

The plain language of art. VI, § 1 is clear, and we apply it as written. *See Board of Education v. Booth,* 984 P.2d 639, 647 (Colo. 1999)("Where the language of the constitution is plain and its meaning clear, we will enforce that language as written."). This proviso harmonizes this section with Colo. Const. art. XX, § 6 and clarifies that the

grant of authority to the General Assembly to establish inferior courts does not abrogate the power of home rule cities to establish municipal courts. Interpreting the proviso to authorize home rule cities to limit the jurisdiction of district courts would not give effect to the entire section, but rather would conflict with the preceding clauses granting such authority to the General Assembly. *See Reale v. Board of Real Estate Appraisers,* 880 P.2d 1205 (Colo.1994).

Because the town is without authority to alter the jurisdiction of the district courts, we conclude that the district court has jurisdiction of plaintiff's action here. *See* Colo. Const. art. VI, § 9(1)("The district courts shall be trial courts of record with general jurisdiction, and shall have original jurisdiction in all civil, probate, and criminal, except as otherwise provided herein, cases ... and shall have such appellate jurisdiction as may be prescribed by law."). Accordingly, we conclude that the court erred in dismissing this case for lack of subject matter jurisdiction.

The judgment is reversed, and the case is remanded to the district court for further proceedings consistent with this opinion.

Chief Judge HUME and Justice ERICKSON * concur.